UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ADVANCED HAIR RESTORATION, LLC,

Plaintiff,

v.

HAIR RESTORATION CENTERS, LLC,

Defendant.

Case No. C17-709RSM

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

This matter comes before the Court on Plaintiff Advanced Hair Restoration, LLC's Motion to Compel. Dkt. #16.

Local Rule 37(a)(1) states:

> Meet and Confer Requirement. Any motion for an order compelling disclosure or discovery must include a certification, in the motion or in a declaration or affidavit, that **the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action**. The certification must list the date, manner, and participants to the conference. **If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute.** A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference. . . .

LCR 37(a)(1) (emphasis added).

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL - 1

Plaintiff's counsel certifies that he conferred telephonically with Defendant's counsel on December 4, 2017. Dkt. #16 at 5. However, this was not a typical meet-and-confer prior to filing a motion to compel, as attached exhibits show that this December 4 conference ended with an agreement to continue to produce records, and the Court notes that the instant Motion was filed ten days later on December 14, 2017. *See* Dkt. #17-10.

Further examination of the record indicates that Defendant's counsel contacted Plaintiff's counsel on December 13, 2017, stating that there were "unanticipated roadblocks in collecting information and documents," but that Defendant was "still committed to providing you with the financial and other information…" Dkt. #17-11 at 3. After Plaintiff's counsel refused to further accommodate Defendant's delays in producing these records and threatened to file a motion to compel, Defendant's counsel stated on December 14, 2017, "[a]ny motion to compel would be premature. We are requesting a further meet and confer regarding the discovery requests." *Id*. at 2. Rather than conduct another meet-and-confer, Plaintiff simply filed this Motion. *See* Dkt. #16 at 5 ("As these efforts, and HRC's ongoing failure to provide any information or otherwise respond to Plaintiff's request makes clear, further negotiation with HRC regarding the deficiencies in its discovery responses would be futile.").

In Response to this Motion, Defendant argues that Plaintiff failed to conduct a proper meet and confer. Dkt. #24 at 3–4 (citing *Beasley v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 1268709, at *1 (W.D. Wash. Mar. 25, 2014) ("A good faith effort to resolve discovery disputes requires an exchange of information until no additional progress is possible."). Defendant argues:

> The record here shows that Defense counsel was in the process of making a production and still trying to resolve any disputes prior to Plaintiff filing this motion to compel. At the time this motion was filed, there was reason to believe that a good faith effort was underway that would have resulted in the production of documents and information Plaintiff sought without the need for Court

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL - 2

> intervention. This is precisely the type of situation Rule 37 seeks to avoid. In short, Plaintiff failed to complete the meet and confer process and the parties were not at an impasse, requiring this motion to compel to be denied.

*Id.* at 4. Defendant points out that it has subsequently made a production of the requested records.

On Reply, Plaintiff again reiterates that "any further negotiation regarding the multiple deficiencies in Defendant's responses would have been futile." Dkt. #26 at 2. Plaintiff argues that "Plaintiff's counsel has continued to confer with Defendant's counsel regarding its deficient production and responses since this filing," and argues that this satisfies its Rule 37 requirements. *Id*. at 5.

The Court agrees with Defendant that Plaintiff has not satisfied Local Rule 37(a)(1)'s meet and confer requirement. There is no evidence that the parties reached an impasse in their discussions; to the contrary it appears that Defendant was, perhaps belatedly, attempting in good faith to resolve the discovery dispute outside of Court by producing the requested records. When the parties disagreed about the sufficiency of this response, Defendant actually requested and was refused a telephonic conference. Instead, Plaintiff filed the instant Motion that day.

Given all of the above, the Court concludes that this Motion is properly denied as procedurally improper. Accordingly, the Court hereby finds and ORDERS that Plaintiff Advanced Hair Restoration, LLC's Motion to Compel, Dkt. #16, is DENIED.

DATED this 12 day of February, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE